James H.M. Sprayregen (JS-7757)
Lena Mandel (LM-3769)
KIRKLAND & ELLIS
Citigroup Center
153 East 53rd Street
New York, New York 10022-4675
(212) 446-4800

and

Matthew N. Kleiman (MK-3828)
Anup Sathy (AS-4915)
KIRKLAND & ELLIS
200 E. Randolph St.
Chicago, Illinois 60601
(312) 861-2000

Counsel for Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| TELIGENT, INC., et al.,[1] | : | Case No. 01-_____ (____) |
|  | : | Jointly Administered |
| Debtors. | : |  |

--------------------------------------------------------------------x


## MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF THE DEBTORS' BUSINESS

The above-captioned debtors and debtors in possession (collectively, the

"Debtors") hereby submit this motion (the "Motion") for entry of an order authorizing the

---

[1] The Debtors are the following entities: Teligent, Inc.; Teligent Services, Inc.; American Long Lines, Inc.; Association Communications, Inc.; Auctel, Inc.; BackLink, L.L.C.; Easton Telecom Services, Inc.; Executive Conference, Inc.; FirstMark Communications, Inc.; InfiNet Telecommunications, Inc.; JTel, L.L.C.; KatLink, L.L.C.; OMC Communications, Inc.; Quadrangle Investments, Inc.; Telecommunications Concepts, Inc.; Teligent Communications, L.L.C.; Teligent License Co. I, L.L.C.; Teligent License Co. II, L.L.C.; Teligent of Virginia, Inc.; Teligent Professional Services, Inc.; and Teligent Telecommunications, L.L.C.

Debtors to employ and compensate certain professionals utilized in the ordinary course of the Debtors' businesses.

## Jurisdiction

1.    This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory bases for the relief requested herein are sections 105(a) and 327 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

## Background

3.    On the date hereof (the "Petition Date"), the Debtors commenced cases under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.    No trustee or examiner has been appointed in these chapter 11 cases, and no committees have been appointed or designated.

5.    Teligent, Inc. is the ultimate parent corporation to the twenty domestic subsidiaries, all of whom are debtors and debtors in possession herein (the "Debtor Subsidiaries"), as well as to many non-debtor foreign subsidiaries (the "Foreign Subsidiaries"[2] and, collectively with the Debtors, "Teligent").

---

[2] The principal Foreign Subsidiaries are:  Teligent International Ltd. (Bermuda), Teligent Canada, Inc. (Canada), Associated Communications Europe S.a.r.l. (Luxembourg), TGNT France SA (France), BLR Services SAS (France), Associated Communications Luxembourg S.a.r.l. (Luxembourg), Blescare – 98 S.L. (Spain), Banda 26, S.A. (Spain),

(continued...)

6.      Teligent is in the business of providing telecommunication services in the form of local and long distance telephone, high-speed data, and Internet access service through its SmartWave™ local networks in 43 major domestic markets and internationally. The SmartWave™ local networks combine advanced wireless technologies with traditional wireline technologies to provide an efficient method for the delivery of broadband services to small and medium size business customers.  This delivery is effected by the use of "fixed wireless" technology, which provides for the wireless transmission of voice and data traffic directly to a customer's premises, thus obviating the need for the expensive and disruptive deployment of fiber optic cable.

7.      As of April 30, 2001, Teligent had approximately 35,000 customers. For the fiscal year ended December 31, 2000, Teligent, on a consolidated basis, reported revenues of approximately $152,072,000 and net losses of approximately $807,986,000.  As of December 31, 2000, Teligent's consolidated books and records reflected assets totaling approximately $1,209,476,000 and liabilities totaling approximately $2,170,061,000.  As of the Petition Date, the Debtors have approximately 1480 full-time and part-time employees.

8.      As of the Petition Date, Teligent, Inc. is obligated in the aggregate amount of approximately $800,000,000, pursuant to that certain secured credit facility, originally dated as of July 2, 1998 (as amended, modified and supplemented from time to time through and including the Petition Date, and inclusive of all collateral, guarantee and other documents executed in connection with the secured credit facility, the "Prepetition

---

(...continued)
Teligent Americas Ltd. (Bermuda), Teligent do Brasil Holding Ltda. (Brazil), Teligent do Brasil Ltda. (Brazil), Argentina Telecom Holdings Ltd. (Cayman Islands), Teligent Asia Pacific Ltd. (Bermuda), CCT – Teligent CO., Limited (Hong Kong), TGNT (UK) Limited (UK), Associated Communications Deutschland (Germany), and ArcTel GmbH & Co, KG (Germany).

Credit Facility"), among Teligent, Inc., as borrower, and The Chase Manhattan Bank, as administrative agent, and the lender parties thereto (collectively, the "Prepetition Lenders"). Under the terms of the Prepetition Credit Facility, Teligent, Inc.'s obligations to the Prepetition Lenders are secured by a pledge of the stock of substantially all of the Debtor Subsidiaries and by liens on and security interests in substantially all of the domestic assets of the Debtors.

9.      In November 1997, Teligent, Inc. issued $300 million of 11 1/2% senior notes due 2007 (the "Senior Notes") pursuant to that certain indenture dated November 26, 1997, between Teligent, Inc., as issuer, and First Union National Bank, as trustee (the "Indenture Trustee").

10.     Under a 1998 exchange offer, Teligent, Inc. issued $440 million of 11 1/2% Series B Discount Notes due 2008 (the "Discount Notes"), in exchange for certain previously issued securities.  The Discount Notes are governed by that certain Indenture dated February 20, 1998, between Teligent, Inc., as issuer, and the Indenture Trustee.

11.     In April 2001, IDT Corporation acquired a 29.2% ownership interest in Teligent, Inc. previously held indirectly by Liberty Media Corporation.  As a result, IDT Corporation is currently the largest shareholder of Teligent, Inc.

12.     The nature of Teligent's business requires significant capital expenditures to finance the deployment of services, including purchasing and installing equipment, operating the network, obtaining spectrum licenses, and hiring and retaining employees.  However, the rapid expansion of Teligent's business and the associated expenditures has resulted in operating losses and negative cash flow in every year since Teligent's inception in 1997.

13.     Teligent, Inc. received waivers from the Prepetition Lenders since December 31, 2000, relating to certain covenants in the Prepetition Credit Facility, including covenants regarding the achievement of certain financing and performance targets and the maintenance of certain financial ratios.    However, the most recent waiver from the Prepetition Lenders expires on May 21, 2001.    Based on the Debtors' financial condition, liquidity and prospects, the Debtors have determined that a financial restructuring of their businesses through a chapter 11 process is necessary and appropriate.

### Relief Requested

14.     The Debtors customarily retain the services of various accountants, independent financial consultants, attorneys and/or law firms, and other professionals in the ordinary course of their businesses to represent them in matters arising in the ordinary course of their businesses (collectively, the "Ordinary Course Professionals").    A list of certain Ordinary Course Professionals identified to date is attached hereto as Exhibit A.    Other Ordinary Course Professionals have been and may be retained by the Debtors from time to time.

15.     By this Motion, the Debtors seek authorization (a) to retain the Ordinary Course Professionals pursuant to 11 U.S.C. §§ 105(a) and 327 without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional, and (b) to compensate the Ordinary Course Professional for postpetition services rendered, subject to certain limits set forth below, without the necessity of additional Court approval.    Although the Debtors believe that certain of the Ordinary Course Professionals are not "professional persons" as contemplated by section 327 of the Bankruptcy Code and, thus, that no retention is necessary, out of an abundance of caution,

the Debtors are moving this Court for an order authorizing the retention of all the Ordinary Course Professionals.

16.     The Debtors' businesses would be seriously disrupted if they are unable to retain and pay for the services of the Ordinary Course Professionals. The operation of the Debtors' businesses would be hindered if the Debtors were required to submit to the Court an application, affidavit and proposed retention order for each Ordinary Course Professional and if each Ordinary Course Professional was required to apply for approval of its employment and compensation. Further, a number of the Ordinary Course Professionals are unfamiliar with the fee application procedures employed in bankruptcy cases. Some of the Ordinary Course Professionals might be unwilling to work with the Debtors if these requirements were imposed. The uninterrupted services of the Ordinary Course Professionals are vital to the Debtors' continuing operations and their ultimate ability to reorganize. More important, the cost of preparing and prosecuting these retention applications and fee applications would be significant and unnecessary, while such costs would ultimately be borne by the estates.

17.     Moreover, a requirement that the Ordinary Course Professionals each file retention pleadings and follow the usual fee application process required of bankruptcy professionals would burden the Clerk's office, the Court and the U.S. Trustee's office with unnecessary fee applications. This Motion proposes a procedure to alleviate such a burden. The Debtors request that they be permitted to employ and retain the Ordinary Course Professionals on terms substantially similar to those in effect prior to the Petition Date, subject to the terms described below.

A.    **Payment of Fees and Expenses**

18.    The Debtors propose that they be permitted to pay, without formal application to the Court by an Ordinary Course Professional, 100% of the fees and disbursements to each of the Ordinary Course Professionals upon the submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date, provided that such interim fees and disbursements do not exceed a total of $20,000 per month per Ordinary Course Professional.  The Debtors expect that fees and disbursements of most Ordinary Course Professionals will, in fact, be significantly lower.

19.    The Debtors propose that all payments of compensation to any Ordinary Course Professional would become subject to approval upon application to the Court for an allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code if such payments exceed $20,000 per month for that Ordinary Course Professional.

20.    The Debtors propose to file a report with the Court and to serve such accounting on the United States Trustee and counsel to any statutory creditors' committee appointed in these cases and counsel to the Administrative Agent to the Prepetition Lenders beginning on September 15, 2001, and subsequently on January 15, May 15 and September 15 of every year that these cases are pending.  Such report shall include the following information for each Ordinary Course Professional: (a) the name of each Ordinary Course Professional that the Debtors have paid for services rendered during the relevant period (the "Fee Period"); (b) the monthly amounts paid as compensation for services rendered and reimbursement of expenses incurred for each Ordinary Course Professional during (i) the Fee

Period and (ii) before the Fee Period, but not disclosed in previous quarterly statements; and (c) a general description of services rendered by each Ordinary Course Professional during the Fee Period.

**B.     The Submission of Rule 2014 Affidavits**

21.     Although certain of the Ordinary Course Professionals may hold unsecured prepetition claims against the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their estates, or creditors.

22.     Pursuant to this Motion, the Debtors therefore request that the Ordinary Course Professionals be excused from submitting separate applications for proposed retention unless otherwise provided herein.  The Debtors recognize, however, the importance of providing information regarding each Ordinary Course Professional to the Court and the United States Trustee.

23.     The Debtors, therefore, propose that, while the Debtors be permitted to continue to employ, retain and compensate all Ordinary Course Professionals identified in Exhibit A attached hereto, each Ordinary Course Professional located in the United States nonetheless be required to file with the Court and serve upon the United States Trustee an Affidavit of Proposed Professional and Disclosure Statement (an "Ordinary Course Professional Affidavit"), substantially in the form attached hereto as Exhibit B, within thirty (30) days of the entry of an order granting the relief requested herein or within thirty (30) days of the commencement of any work by the Ordinary Course Professional for the Debtors.

24.     The Debtors further request that upon receipt of each Ordinary Course Professional Affidavit, the United States Trustee be given thirty (30) days to object to the

retention of such Ordinary Course Professional (the "Objection Deadline").  Any such

objections shall be served upon the Debtors, the relevant Ordinary Course Professional, and

counsel to any committee appointed in these cases on or before the Objection Deadline.  If

any such objection cannot be resolved within thirty (30) days, the matter shall be scheduled

for hearing before the Court at the next regularly-scheduled omnibus hearing date or other

date otherwise agreeable to the relevant Ordinary Course Professional, the Debtors and the

United States Trustee.  If no such objection is submitted within this time period, the Debtors

request that, without further order from the Court, the employment, retention and

compensation of the Ordinary Course Professional be deemed approved.

C.     **Additional Ordinary Course Professionals**

25.     The Debtors request also that they be authorized to employ and retain

additional Ordinary Course Professionals needed by the Debtors in the ordinary course of

their businesses (the "Additional Ordinary Course Professionals") without the need to file

individual retention applications for each by filing a supplement (the "Supplement") to

Exhibit A attached hereto with the Court and serving such Supplement on the United States

Trustee, counsel for any committees appointed in these cases and counsel to the

Administrative Agent to the Prepetition Lenders, without the need for any further hearing or

notice to any other party.

26.     For the purposes of complying with Rule 2014 of the Federal Rules

of Bankruptcy Procedure, the Debtors request that the timing requirements for Additional

Ordinary Course Professionals to file with the Court and serve upon the United States

Trustee, counsel for any committees appointed in these cases and counsel to the Prepetition

Lenders an Ordinary Course Professional Affidavit run from the filing of the Supplement, but that all other requirements remain the same.

## Basis For Relief

27.    The Ordinary Course Professionals will not be involved in the administration of these chapter 11 cases but, rather, will provide services in connection with the Debtors' ongoing business operations or services ordinarily provided by in-house counsel to a corporation.   As a result, the Debtors do not believe that the Ordinary Course Professionals are "professionals," as that term is used in section 327 of the Bankruptcy Code, whose retention must be approved by the Court.[3]   Nevertheless, out of an abundance of caution, the Debtors seek the relief requested in this Motion to avoid any subsequent controversy regarding the Debtors' employment and payment of the Ordinary Course Professionals during the pendency of these chapter 11 cases.  The Debtors shall seek specific Court authority to employ all professionals involved in the actual administration of these chapter 11 cases pursuant to section 327 of the Bankruptcy Code.

28.    Courts in other large cases have routinely granted the same or similar relief to chapter 11 debtors.  See, e.g., In re Indesco Int'l, Inc., et al., Case No. 00-15452(REG) (Bankr. S.D.N.Y.  2001); In re The Singer Company N.V., et al., Case No. 99-

---

[3]   See, e.g., Elstead v. Nolden (In re That's Entertainment Mkt'g Group, Inc.), 168 B.R. 226, 230 (N.D. Cal. 1994) (only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327); In re Madison Management Group, Inc., 137 B.R. 275, 283 (Bankr. N.D. Ill. 1992) (same); In re Sieling Assocs. Ltd. Partnership, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (same); In re Riker Indus., Inc., 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (no need for section 327 approval of the fees of a management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case"); In re D'Lites of Am., Inc., 108 B.R. 352, 353 (Bankr. N.D. Ga. 1989) (section 327 approval is not necessary for "one who provides services to debtor that are necessary regardless of whether petition was filed"); In re Fretheim, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327); In re Pacific Forest Indust., Inc., 95 B.R. 740, 743 (Bankr. C.D. Cal 1989) (same); In re Babcock Dairy Co., 70 B.R. 691, 692 (Bankr. N.D. Ohio 1987) (holding that an expert witness was not a "professional person" under section 327 because his testimony did not measurably affect the administration of the estate); In re Johns-Manville Corp., 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1989) (only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327).

10578 (BRL) (Bankr. S.D. N.Y. 1999); In re ATC Group Services, Inc., et al., Case Nos. 99-10437 through 99-10444 (JHG) (Bankr. S.D. N.Y. 1999); In re Harnischfeger Industries, Inc. et al., No. 99-2171 (Bankr. D. Del. 1999) (PJW); and In re United Artists Theatre Company, et al., Case No. 00-3514 (SLR) (D. Del. 2000).  The Debtors and their estates would be well served by the Court's authorizing the retention of the Ordinary Course Professionals because of such professionals' past relationships with, and understanding of, the Debtors and their operations.  It is in the best interest of all parties in interest in these cases to avoid any disruption in the professional services rendered by the Ordinary Course Professionals in the day-to-day operations of the Debtors' businesses.

29.     The Debtors need to retain the Ordinary Course Professionals is particularly acute in the cases, where the Debtors operate in a highly regulated industry and with interests and property that span the nation and the globe.  The Debtors depend on the Ordinary Course Professionals and the particular expertise and efficiency that their service provides.

### Waiver of Memorandum of Law

30.     Because there are no novel issues of law presented herein, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Motion pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-1(b).

### No Prior Request

31.     No prior Motion for the relief requested herein has been made to this or any other court.

## Notice

32.     Notice of this Motion has been given to (i) the United States Trustee, (ii) counsel to IDT Corporation, (iii) counsel to the Administrative Agent to the Prepetition Lenders, and (iv) the top thirty unsecured creditors of the Debtors, including the Indenture Trustee.  In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, authorizing the Debtors to employ and compensate the Ordinary Course Professionals on the terms and conditions set forth above and grant such further relief as is just and proper.

New York, New York
Dated: May 21, 2001

Respectfully submitted,

KIRKLAND & ELLIS

/s/ Lena Mandel
James H.M. Sprayregen (JS-7757)
Lena Mandel (LM-3769)
Citigroup Center
153 East 53rd Street
New York, New York 10022
(212) 446-4800

and

KIRKLAND & ELLIS
Matthew N. Kleiman (MK-3828)
Anup Sathy (AS-4915)
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

Counsel for the Debtors and Debtors in Possession

<u>**EXHIBIT A**</u>

**Ordinary Course Professionals
Teligent, Inc. and Affiliates**

<u>**REAL ESTATE**</u>

**Davis Wright Tremaine LLP**
2300 Wells Fargo Center
1300 S. W. Fifth Avenue
Portland, OR   97201
503-241-2300
Mark Trinchero

**Higgs, Fletcher & Mack LLP**
401 West "A" Street
Suite 2600
San Diego, CA   92112-4117
619-236-1551
Charles V. Berwanger

**Price Meese Shulman & D'Arminio**
50 Tice Boulevard
Woodcliff Lake, NJ   07677
201-391-3737
Louis L. D'Arminio

**Riley, Riper Hollin & Colagreco**
240 Daylesford Plaza
Paoli, PA  19301
610-647-5800
Christopher H. Schubert

**Robinson & Cole**
280 Trumbull Street
Hartford, CT   06103-3597
860-275-8200
Thomas P. Cody

**Shaw Pittman**
2300 N Street, N. W.
Washington, DC  20037-1128
202-663-8000

**Snyder & Snyder**
94 White Plains Road
Tarrytown, NY   10591
Craig A. de Ridder

**Steefel, Levitt & Weiss**
One Embarcadero Center
30th Floor
San Francisco, CA   94111
415-788-0900

Mark Fogelman

**Venable, Baetjer and Howard LLP**
1800 Mercantile Bank & Trust Bldg.
Two Hopkins Plaza
Baltimore, MD   21201-2978
410-244-7400

## STATE & FEDERAL REGULATORY

**Ater & Wynn**
222 S. W. Columbia, Suite 1800
Portland, OR   97201-6618
503-226-1191

**Bricker & Eckler**
100 South Third Street
Columbus , OH   43215-4291
614-227-2300
Sally Bloomfield, Esq.

**Brooks, Pierce, McLendon Humphrey & Leonard LLP**
First Union Capitol Center
Suite 1600
Raleigh, NC   27601
919-839-0300
Wade H. Hargove

**Brown & Bain**
PO Box 400
Phoenix, AZ   85001-0400
602-351-8000
Michael W. Patten

**Casey, Gentz & Sifuentes**
919 Congress Avenue, Suite 1060
Austin, TX   78701
512-480-9900
Robin Casey

**Drinker Biddle & Reath**
1500 K Street, N. W.
Suite 1100
Washington, DC  20005-1209
202-842-8800
Mark F. Dever

**Jeffrey Krauss**
620 Hungerford Drive
Suite 27
Rockville, MD   20850
301-309-3703
Jeffrey Krauss

**LeBoeuf, Lamb, Greene & MacRae**

1875 Connecticut Avenue, N. W.
Washington, DC  20009-5728
202-986-8000
David R. Poe

**MBV Law LLP**
855 Front Street
San Francisco, CA  94111
415-781-4400
David A. Simpson

**McNees, Wallace & Nurick**
PO Box 1166
Harrisburg, PA   17108-1166
717-232-8000
Derrick P. Williamson

**Mintz Levin Cohn Ferris Glovsky & Popeo PC**
701 Pennsylvania Avenue, N. W.
Washington, DC  20004
202-434-7300
Robert E. Stup, Jr.

**Newman, Comley & Ruth**
601 Monroe Street, Suite 301
Jefferson City, MO  65102-0537
573-634-2266

**Squire, Sanders**
1201 Pennsylvania Avenue, N. W.
Washington, DC  20044-0407
202-626-6600
Robert B. Kelly

**Stewart & Irwin, PC**
251 East Ohio Street, Suite 1100
Indianapolis, IN   46204
Richard E. Aikman, Jr.

**Willkie Farr & Gallagher**
Three Lafayette Centre
1155 21st Street, N. W.
Washington, dC  20036-3384
202-328-8000
Philip L. Verveer

**<u>LABOR LAW</u>**
Paul, Hastings, Janofsky & Walker LLP
1299 Pennsylvania Avenue, N.W.
10th Floor
Washington D.C. 20004
202-508-9500
Jenny C. Wu

**<u>CORPORATE LAW</u>**

**Abrams Scott & Bickley** (Ray & Isler)
600 Travis
Suite 6601
Houston, TX   77002
713-228-6601

**Akin, Gump, Strauss, Hauer & Feld, LLP**
1333 New Hampshire Avenue, N. W.
Suite 400
Washington, DC  20036
202-887-4000

**Arter & Hadden**
1801 K Street, N. W., Suite 400K
Washington, D. C. 20006-1301

**Baker & McKenzie**
815 Connecticut Avenue, N. W.
Washington, DC  20006-4078
202-452-7000

**Baker & McKenzie**
100 New Bridge Street
London  EC4V6JA
020-7919-1000

**Beneluz Trust-Luxembourg**
12-14 rue Leon Thyes
L-2636 Luxembourg
352-42 22 29-1

**Bruckhaus Westrick Heller**
Seilergasse16
A-1010 Vienna, Austria
43-1-5-15-15-0

**Codan Services Limited**
Clarendon House
2 Church Street
PO Box HM 666
Hamilton HM CX, Bermuda
441-295-5950

**Conyers Dill & Pearman**
Clarendon House
Church Street
PO Box HM 666
Hamilton, HM CX Bermuda
441-295-1422
Brian K. Holdipp

**Cravath, Swain & Moore**
Worldwide Plaza
825 Eighth Avenue
New York, NY   10019-7475

01-12974-smb    Doc 9    Filed 05/21/01    Entered 05/21/01 16:45:53    Main Document
Pg 18 of 24


212-474-1000
Scott Barshay

**CSC Corporation**
PO Box 13397
Philadelphia, PA   19101-3397
800-927-9800
Margaret Dall

**Cuatrecacus**
Velazquez, 63
28001 Madrid
34-91-524-71-00

**Faegre & Benson (Paul Hastings)**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN   55402-3901
612-336-3000
Mary E. Stumo

**Higgins, McGovern & Smith LLC**
1620 L Street, N. W., Suite 1210
Washington, DC  20036
202-955-6062
Patrick H. Williams

**Hogan & Hartson**
Columbia Squire
555 Thirteenth Street, N. W.
Washington, DC  20004-1109
202-637-5600

**Jenner & Block**
601 Thirteenth Street, N. W.
Suite 1200
Washington, DC  20005
202-639-6000
Jerome L. Epstein

**Klett, Lieber, Rooney & Schorling**
One Oxford Center, 40th Floor
Pittsburgh, PA  15219-6498
412-392-2000

**McDermott, Will & Emery**
227 West Monroe Street
Chicago, IL   60606-5096
312-984-7797
Thomas H. Donohoe

**McKee Nelson, LLP**
1919 M Street NW
Suite 800
Washington, D.C.  20036

I:\Teligent\First days\FinalVersions\OCPRetention\OCPMotion-10.wpd

202-775-9124
Phil Kardis

**Patrick McFadden**
3232 South Stafford St
Arlington, VA 22206
703-931-8978

**Perkins Coie LLP**
17th Floor
Standard Chartered Bank Building
4 Des Voeux Road Central
Hong Kong
852-2878-1177
Richard Y. Sung

**Podesta.com/PodestaMattoon**
1001 G Street, N.W.
Suite 900 East
Washington, DC  20001
202-393-1010
Tom Bienchetty (202-879-9374)

**Alan Provan**
**[need address and contact name]**

**Ray and Isler, PC**
8245 Boone Blvd.
Suite 402
Vienna, VA  22182
703-748-2690
Edward Isler

**Silver, Freedman & Taff LLP**
1100 New York Avenue, N. W.
Washington, DC  20005-3934
202-414-6100
Michael Sadow

**Timmons & Co.**
1850 K Street, N W.
Suite 850
Washington, DC  20006
202-331-1760
Toni Sidley

## INTELLECTUAL PROPERTY LAW

**Katten Muchin Zavis**
1025 Thomas Jefferson Street, N.W., East Lobby
Suite 700
Washington, District of Columbia 20007-5201
Roger Furey

## ACCOUNTING, TAX AND CONSULTING SERVICES

**RPR Architects**
1624 Telegraph Rd
Oakland, CA 94612
Tel 510-272-0654
Fax 510 444-0279

**DCS Tax and Business Consulting**
Don Schmitt
13007 Richards
Overland Park, KS 66213
Tel 913 685-0028
Fax 913 685-0027

**Creaxion**
3353 Peachtree Rd
Suite 535
Atlanta, GA 30326
Tel 404 321-4322

**Interior Architects P.C.**
350 California St
Suite 1950
San Francisco, CA 94104
Tel 415 434-0827
Fax 415 434-8337

**Dan Schaffeld**
12112 Village Woods Drive
Cincinnati, OH 45241
 Tel 513 733-8409

**Douglas Carrier**
Carrier Consulting
PO Box 222
Riverton, CT 06065
Tel 860 738-0386

**Judy Hodges, CPA**
250 North Riverside Dr
Batavia, OH 45103
Tel 513 602-9370
Fax 513 732-3123

**American Express Tax and Business Service**
1445 Research Blvd., Suite 500
Rockville, MD  20850
Attn:  Mr. William Leffler
Tel 301 545-6844

**Thomas F. Barrett, Inc.**
4701 Sangamore Road, Suite 205 South
Bethesda, MD 20816
Tel 301 320-9300

**Tax Partners**

3101 Towercreek Parkway, Ste. 600
Atlanta, GA 30339
Tel 770 956-7525
Fax 770 956-0700
Attn: David Clapp

**Sax Macy Fromm**
855 Valley Road
Clifton, NJ 07013-2483
Tel 973 472-6250

**Rohrkemper & Osseg, Ltd., CPAs**
18 West 9th Street
Cincinnati, OH 45202
Tel 513 241-4507
Attn: Greg Ossege

**EXHIBIT B**

James H.M. Sprayregen (JS-7757)
Lena Mandel (LM-3769)
KIRKLAND & ELLIS
Citigroup Center
153 East 53rd Street
New York, New York 10022-4675
(212) 446-4800

and

Matthew N. Kleiman (MK-3828)
Anup Sathy (AS-4915)
KIRKLAND & ELLIS
200 E. Randolph St.
Chicago, Illinois 60601
(312) 861-2000

Counsel for Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                                                 :
In re                                                            :    Chapter 11
                                                                 :
TELIGENT, INC., et al.,[4]                                       :    Case No. 01-_____ (____)
                                                                 :    Jointly Administered
                            Debtors.                             :
----------------------------------------------------------------x

**AFFIDAVIT OF PROPOSED
PROFESSIONAL AND DISCLOSURE STATEMENT**

_____, being duly sworn, deposes and says:

      1.     I am a _____ of _____ ("_____"), which firm maintains offices

at _____.

---

[4]    The Debtors are the following entities: Teligent, Inc.; Teligent Services, Inc.; American Long Lines, Inc.;
Association Communications, Inc.; Auctel, Inc.; BackLink, L.L.C.; Easton Telecom Services, Inc.; Executive
Conference, Inc.; FirstMark Communications, Inc.; InfiNet Telecommunications, Inc.; JTel, L.L.C.; KatLink, L.L.C.;
OMC Communications, Inc.; Quadrangle Investments, Inc.; Telecommunications Concepts, Inc.; Teligent
Communications, L.L.C.; Teligent License Co. I, L.L.C.; Teligent License Co. II, L.L.C.; Teligent of Virginia, Inc.;
Teligent Professional Services, Inc.; and Teligent Telecommunications, L.L.C.

I:\Teligent\First days\FinalVersions\OCPRetention\OCPMotion-10.wpd

2.    Neither I, _____, nor any partner, _____ or other member

thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors

and debtors in possession (the "Debtors"), their creditors, or any other party in interest, or their

attorneys or accountants, except as set forth in this affidavit.

3.    _____, through me, and members of the firm, have represented

and advised the Debtors as _____ with respect to _____.

4.    The Debtors have requested, and _____ has agreed, to continue to

represent and advise the Debtors pursuant to title 11 of the United States Code (the "Bankruptcy

Code") with respect to such matters.  Additionally, the Debtors have requested, and _____

proposes, to render the following services to the Debtors:

[INSERT]

5.    _____'s current customary hourly rates, subject to change from time to

time, are _____.  In the normal course of business, _____ revises its regular hourly

rates on _____ of each year and requests that, effective _____ of each year, the

aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

6.    Before the date of the Debtor's bankruptcy filing, _____ has

rendered services that have not been billed or that have been billed but with respect to which payment

has not been received.  The value of such services does not exceed $_____.

7.    Except as set forth herein, no promises have been received by _____

or any partner, auditor or other member thereof as to compensation in connection with these chapter

11 cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of

Bankruptcy Procedure, the Local Rules, orders of this Court, and the Fee Guidelines promulgated by

the Executive Office of the United States Trustee.

8.	_____ has no agreement with any entity to share with such entity any compensation received by _____.

9.	_____ and its partners, _____ and other members may have in the past represented, currently represent, and may in the future represent the entitles listed on the attached schedule that are creditors of the Debtors in matters totally unrelated to these chapter 11 cases. _____ does not and will not represent any such entity in connection with these chapter 11 cases and does not have any relationship with any such entity, or its attorneys or accountants that would be adverse to the Debtors or their estates.

10.	The foregoing constitutes the statement of _____ pursuant to sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

11.	Neither I, _____, nor any partner, _____ or other member thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors, or their estates in the matters upon which _____ is to be engaged.

Dated:  New York, New York
	_____

	_____