UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                :

In re                                   :       Chapter 11
                                                :
TELIGENT, INC. et al.,[1]              :       01-12974 (SMB)
                                                :       Jointly Administered
                    Debtors.        :
------------------------------------------------------------------------x

## INTERIM ORDER GRANTING DEBTORS AUTHORITY FOR PROVISIONAL PAYMENT OF PREPETITION CLAIMS OF ESSENTIAL TRADE CREDITORS

        Upon the Motion (the "Motion") of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") seeking entry of an order granting authority to pay certain prepetition claims of essential trade creditors; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due and adequate notice of the requested relief having been given; and after due deliberation and cause appearing therefor; it is hereby

        ORDERED that the Motion is granted and approved on an interim basis pursuant to the terms herein.

        ORDERED that the Debtors are authorized but not directed, subject to the provisions of this Order, in the reasonable exercise of their business judgment, to pay the prepetition Trade Claims of

---

[1] The Debtors are the following entities: Teligent, Inc.; Teligent Services, Inc.; American Long Lines, Inc.; Association Communications, Inc.; Auctel, Inc.; BackLink, L.L.C.; Easton Telecom Services, Inc.; Executive Conference, Inc.; FirstMark Communications, Inc.; InfiNet Telecommunications, Inc.; JTel, L.L.C.; KatLink, L.L.C.; OMC Communications, Inc.; Quadrangle Investments, Inc.; Telecommunications Concepts, Inc.; Teligent Communications, L.L.C.; Teligent License Co. I, L.L.C.; Teligent License Co. II, L.L.C.; Teligent of Virginia, Inc.; Teligent Professional Services, Inc.; and Teligent Telecommunications, L.L.C.

Essential Trade Creditors (each, as defined herein) upon such terms and in the manner provided in this order. As used herein, a "Trade Claim" is a claim (as such term is defined in section 101(5) of title 11 of the United States Code (as amended, the "Bankruptcy Code")) against any of the Debtors for goods or services provided to such Debtor before the Petition Date. As used herein, the term "Essential Trade Creditor" refers to an entity that is not (a) an indirect or direct subsidiary of any of the Debtors, or (b) an "insider" (as such term is defined in section 101(31) of the Bankruptcy Code), and is the holder of a Trade Claim; and it is further

ORDERED that the Debtors' payments of Trade Claims owed to Essential Trade Creditors shall not exceed, in the aggregate, $5 million unless otherwise ordered by the Court; and it is further

ORDERED that after the date hereof, the Debtors shall determine who is an Essential Trade Creditor by considering, among other things, (a) whether the goods or services the creditor provides can be replaced, (b) whether failure to pay the creditor's Trade Claims will require the Debtors to incur higher costs for such goods or services postpetition, and (c) whether failure to pay the creditor's Trade Claim(s) will cause the Debtors to lose sales or future revenues; and it is further

ORDERED that the Debtors shall maintain a matrix summarizing for the period after the Petition Date (a) the name of each Essential Trade Creditor paid on account of a Trade Claim, (b) the amount paid each Essential Trade Creditor on account of its Trade Claim(s), and (c) the goods or services provided by such Essential Trade Creditor, and that, upon request, the Debtors shall make such matrix available for review by the United States Trustee and any creditors' committee or committees appointed in these cases (the "Committee"); and it is further

2

ORDERED that the Debtors shall be authorized, but not directed, to cause Essential Trade Creditors to enter into an agreement with the Debtors substantially similar to <u>Exhibit A</u> attached to the Motion, including the following terms:

a. The amount of such Essential Trade Creditor's estimated Trade Claim(s), accounting for any setoffs, other credits and discounts thereto, shall be as mutually determined in good faith by the Essential Trade Creditor and the applicable Debtor (but such amount shall be used only for the purposes of this Order and shall not be deemed a claim allowed by the Court and the right of all interested persons to object to such claim shall be fully preserved until further order of the Court);

b. The normal and customary trade terms, practices and programs including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowances, rebates, normal product mix and availability and other applicable terms and programs in effect between such Essential Trade Creditor and the applicable Debtor on a historical basis for the period prior and up to the Petition Date or such other trade terms, practices and programs that are at least as favorable as those that were in effect during such time (the "Customary Trade Terms");

c. The Essential Trade Creditor's agreement to provide goods or services to the applicable Debtor based upon the Customary Trade Terms or on such terms as the applicable Debtor and the Essential Trade Creditor may otherwise agree, and such Debtor's agreement to pay in accordance with such terms;

d. The Essential Trade Creditor's agreement not to file or otherwise assert against any or all of the Debtors, their estates or any other person or entity or any of their respective assets or property (real or personal) any lien (a "Lien") (regardless of the statute or other legal authority upon which such Lien is asserted) related in any way to any remaining prepetition amounts allegedly owed to the Essential Trade Creditor by the Debtors arising from agreements entered into prior to the Petition Date, and to the extent the Essential Trade Creditor has obtained such a Lien, the Essential Trade Creditor shall take whatever action necessary in order to remove such Lien;

e. The Essential Trade Creditor's acknowledgment that it has reviewed the terms and provisions of this Order and consents to be bound hereby; and

3

      f.      The Essential Trade Creditor's agreement that it will not separately seek payment for reclamation claims outside of the terms of this Order unless the Essential Trade Creditor's participation in the trade payment program authorized by this Order is terminated; provided that such claims shall, if thereafter raised by the Essential Trade Creditor as permitted by this Order, be treated as though raised on the date of this Order; and

      g.      The Essential Trade Creditor's agreement that it shall not require a lump sum payment upon confirmation of a plan or plans of reorganization in these cases on account of any administrative expense priority claim that it may assert, but instead that such claims will be paid in the ordinary course of business after confirmation of such plan or plans under applicable Customary Trade Terms, if the plan(s) provide(s) for the ongoing operations of the Debtors.

An agreement executed between the applicable Debtor and an Essential Trade Creditor as set forth in this paragraph is referred to herein as a "Trade Agreement." This Order is intended to authorize, but shall not require, the Debtors to enter into Trade Agreements, it being the express intention of this Court that the Debtors shall enter into Trade Agreements only when the Debtors determine, in the exercise of their reasonable business judgment, that it is appropriate to do so; and it is further

      ORDERED that any check used to pay an Essential Trade Creditor may contain a legend substantially in the following form:

> By accepting this check, the payee agrees to the terms of the order of the U.S. Bankruptcy Court for the Southern District of New York, dated May __, 2001, in the Company's chapter 11 case (Case No. [_____]), entitled "Order Granting Debtors Authority for Provisional Payment of Prepetition Claims of Essential Trade Creditors" and submits to the jurisdiction of that Court for enforcement thereof; and it is further

      ORDERED that the Debtors shall be authorized, in their discretion, to make payments to an Essential Trade Creditor on account of a Trade Claim in the absence of a Trade Agreement after the

4

Debtors have undertaken all appropriate efforts to cause such Essential Trade Creditor to execute a Trade Agreement; and it is further

ORDERED that the Debtors may, in the exercise of their reasonable business judgment, make the payments authorized in the preceding paragraphs on account of prepetition Trade Claims of Essential Trade Creditors either (1) after goods are delivered or services are rendered subsequent to the Petition Date, or (2) up to one business day before requested delivery of the postpetition goods to the extent that such payment constitutes a prepetition claim, provided, however, that (a) the applicable Debtor shall have issued purchase order(s) (or computer equivalent(s) thereof) and (b) the Essential Trade Creditor shall have confirmed that shipment will occur not later than the next business day after the aforementioned payment has been made and further agrees that goods are being shipped in accordance with Customary Trade Terms, or on such terms as the applicable Debtor and the Essential Trade Creditor may otherwise agree, and this Order by executing an acknowledgment form substantially similar to Exhibit B attached to the Motion; and it is further

ORDERED that the Debtors may, in their discretion, declare a Trade Agreement with an individual Essential Trade Creditor to have terminated, together with the other benefits to the Essential Trade Creditor as contained in this Order, on the date the applicable Debtor delivers notice to the Essential Trade Creditor that the Essential Trade Creditor has not complied with the terms and provisions of the Trade Agreement or has failed to continue to provide Customary Trade Terms (or on such terms as the applicable Debtor and the Essential Trade Creditor had otherwise agreed); provided, however, that the Trade Agreement may be reinstated if:

      a.      Such determination is subsequently reversed by the Court for good cause shown that the determination was materially incorrect after notice and a hearing following a motion from the Essential Trade Creditor; or

      b.      The underlying default under the Trade Agreement was fully cured by the Essential Trade Creditor not later than five business days after the date when the initial default occurred; or

      c.      The applicable Debtor, in its discretion, reaches an agreement with the Essential Trade Creditor.

ORDERED that all Trade Agreements shall be deemed to have terminated, together with the other benefits to Essential Trade Creditors as contained in this Order, upon entry of an order converting this case to a case under chapter 7 of the Bankruptcy Code; and it is further

ORDERED that if termination as set forth in either of the two previous paragraphs, the Debtors may, in their discretion, declare that provisional payments made to Essential Trade Creditors on account of prepetition Trade Claims be deemed to have been in payment of then outstanding postpetition claims without further order of the Court or action by any person or entity. An Essential Trade Creditor shall then immediately repay to the applicable Debtor any payments made to it on account of its prepetition Trade Claim(s) to the extent that prepetition Trade Claim payments exceed the postpetition claims then outstanding without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims, or otherwise, it being the express intention of this Court to return the creditors to the status quo in effect as of the date of entry of this Order with respect to all prepetition claims if a Trade Agreement is terminated; and it is further

ORDERED that, notwithstanding anything in this Order to the contrary, the Debtors' authority to make payments to Essential Trade Creditors in respect of Trade Claims shall be limited to such

6

circumstances where the Debtors determine, in the exercise of their reasonable business judgment and consistent with their fiduciary duties, that such payments are necessary to avoid a material harm to their estates or enterprise.

ORDERED that a final hearing for the Motion is hereby set for June 13, 2001 at 10:00 a.m.; and it is further

ORDERED that any objections to the Motion shall be filed and served so as to be received by 4:00 p.m. on June 6, 2001 upon: (i) counsel to the Debtors; (ii) counsel to the Administrative Agent to the Prepetition Lenders; and (iii) The United States Trustee.

ORDERED that, notwithstanding anything contained herein to the contrary, the Debtors shall not make any payments to any Essential Trade Creditor in respect of Trade Claims in an aggregate amount in excess of the amount set forth therefore in the orders of this Court authorizing the use of the Prepetition Lenders' cash collateral; and it is further

ORDERED that the Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this order.

Dated: New York, New York
       May 25, 2001

       /s/ **STUART M. BERNSTEIN**
UNITED STATES BANKRUPTCY JUDGE

A:\EssTradeOrd-8.wpd

8