**OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.**
Co-Counsel for Brixham Green One, et al.
230 Park Avenue
New York, New York 10169-0075
Brett H. Miller, Esq. (BHM-4902)

Hearing Date:
June 13, 2002,
2:00 p.m.

and

**NEXSEN PRUET JACOBS & POLLARD, PLLC**
201 South Tryon Street, Suite 1200
Charlotte, North Carolina 28202
Richard W. Wilson, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
IN RE                                                         :
                                                              :   Chapter 11
           TELIGENT, INC., et al.,                            :   Cases No. 01-B-12974 (SMB)
                                                              :   (jointly administered)
                        Debtors.                              :
-----------------------------------------------------------------X

**OBJECTION OF THE BISSELL ENTITIES TO THE MOTION OF THE DEBTORS FOR THE ENTRY OF AN ORDER APPROVING (I) DISCLOSURE STATEMENT, (II) FORM OF NOTICES, (III) FORM OF BALLOT AND (IV) SOLICITATION MATERIALS AND SOLICITATION PROCEDURES**

TO:    THE HONORABLE STUART M. BERNSTEIN,
       CHIEF UNITED STATES BANKRUPTCY JUDGE

       Brixham Green One, LLC ("Brixham"), Fairview Center LLC, Bissell Porter Siskey, L.L.C., Bissell BCP-No.6, LLC, Brixham Green Two, LLC, Ballantyne One, LLC, Ballantyne Two, LLC, Marsh Realty Company, Carnegie, L.L.C., BLS Partners, L.L.C., BCI Property Co. No. 43 and

166677-1

Morrison L.L.C. (collectively, the "Bissell Entities"), by their co-counsel, Otterbourg, Steindler, Houston & Rosen, P.C. and Nexsen Pruet Jacobs & Pollard PLLC, hereby object to the Motion of the Debtors For the Entry of an Order Approving (I) Disclosure Statement, (II) Form of Notices, (III) Form of Ballot and (IV) Solicitation Materials and Solicitation Procedures (the "Disclosure Statement Motion"), respectfully represent, as follows:

### The Claims of the Bissell Entities

1. As of the filing, the Bissell Entities had numerous lease, license and rooftop agreements with the Debtors.[1] Pursuant to a Lease, dated April 30, 1999, between Brixham, as landlord, and the Debtors, as tenant, the Debtors leased the premises located at 15800 John J. Delaney Drive, Suite 400, Charlotte, North Carolina 28277-2747 (the "Premises"), at a monthly base rent in the amount of $11,273.00. Pursuant to the terms of a Sublease Agreement, dated March 23, 2001, the Premises were subleased by the Debtor to Intelliservices, Inc. (The "Subtenant"). The Subtenant paid monthly base rent to the Debtor in the amount of $8,455.00.

2. During the course of the bankruptcy, the Debtors failed to comply with Section 365(d) of the Bankruptcy Code[2] and did not make monthly lease payments to the Bissell Entities.[3] This

---

[1] Base rent and license fees due from the Debtors to all of the Bissell Entities, exclusive of miscellaneous charges, accrued at the monthly aggregate amount of $13,798.00.

[2] Section 365(d)(3) of the Bankruptcy Code, as relevant to the Debtors' requirements to timely perform their obligations, reads as follows: "The trustee [debtor in possession] shall timely perform all the obligations of the debtor ... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title". Section 365(d)(3) of the Bankruptcy Code mandates that debtors timely perform their obligations under their leases, and is intended to ease the financial hardships and to protect landlords during the period from the petition date and the date the debtor assumes or rejects the lease. In re Microvideo Learning Systems, 232 B.R. 602, 604 (Bankr. S.D.N.Y. 1999), aff'd, 254 B.R. 90 (S.D.N.Y. 1999),

fact is made more egregious by the fact that upon information and belief the Subtenant continued paying the sublease rent to the Debtors. As of January 2, 2002, the date the lease was rejected by Order of the this Court, the Debtors owed at least two (2) months unpaid post-petition administrative rent to the Bissell Entities.

**The Treatment of Administrative Claims Violates the Bankruptcy Code**

3. In the Debtors' First Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan"), the treatment of administrative creditors violates the Bankruptcy Code. Under Section 1129(a) (9) of the Bankruptcy Code, a plan of reorganization must provide for payment in full of an allowed administrative expense claim on the plan's effective date, unless the holder of the claim agrees to different treatment. The Plan, though, in Article II.A provides only that allowed administrative expense claims are to be paid pro rata to the extent the Debtors have sufficient funds at the time of disbursement of such funds, with such pro rata payment to be made no sooner than 90 days after the effective date of the Plan.

4. The Plan is also deficient because it imposes the burden on an administrative claimant to object to less than full payment of its claim, while the Bankruptcy Code requires affirmative consent to treatment other than full payment. Under the Plan, failure to object to its terms constitutes an agreement by the holder of an administrative expense claim to receive less than payment in full on the

---

aff'd, 227 F.3rd 474 (2d. Cir. 2000).

[3] Earlier in the case, Debtors' counsel was informed that the Bissell Entities were not receiving payments from the Debtors. Pursuant to an exchange of emails and phone calls, the Bissell Entities received a check to cover post-petition unpaid rent. The Bissell Entities believed that going forward the Debtors would comply with Section 365(d) of the Bankruptcy Code, that did not turn out to be true.

effective date of the Plan. This "opt out" procedure violates Section 1129 of the Bankruptcy Code. Perhaps the Debtors should have dealt with the administrative creditors first, rather than ask this Court to nullify their statutory rights.

5. As an administrative creditor, the Bissell Entities do not agree to receive less favorable treatment than full payment of their administrative claim on the effective date of the Plan. The Bissell Entities will therefore object to confirmation of the Plan on that basis.

**The Disclosure Statement Should Not Be Approved Because the Plan is Not Confirmable**

6. The purpose of the Disclosure Statement is to provide creditors and other interest holders with the information necessary to allow them to make an informed decision on the debtor's plan. See In re A.H. Robbins Co., Inc., 163 F.3d 598 (4th Cir. 1998); In re Monnier Bros., 755 F.2d 1336, 1342 (8th Cir. 1985)

7. Where a disclosure statement describes a plan that is unconfirmable on its face, courts will deny approval of the disclosure statement to prevent the assets of the estate from being wasted or the judicial process from being misused in a clearly futile confirmation battle. See, e.g., In re Criimi Mae, Inc., 251 B.R. 796 (Bankr. D. Md. 2000); In re Cardinal Congregate I, 121 B.R. 760, 764 (Bankr. S.D. Ohio 1990); In re Spanish Lake Assocs, 92 B.R. 875 (Bankr. E.D. Mo. 1988); In re Monroe Well Serv., Inc., 80 B.R. 324, 332-3 (Bankr. E.D. Pa. 1987); In re Unichem Corp., 72 B.R. 95, 98-100 (Bankr. N.D. Ill.), aff'd, 80 B.R. 448 (N.D. Ill. 1987).

8. As the Plan is clearly unconfirmable as set forth above, the Disclosure Statement should therefore not be approved.

**WHEREFORE**, the Bissell Entities respectfully request that the Court enter an Order denying the approval of the Disclosure Statement until such time that the Plan complies with Section 1129(a)(9) of the Bankruptcy Code..

| | |
|---|---|
| Dated:  New York, New York<br>June 10, 2002 | **OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.**<br>Co-Counsel for the Bissell Entities<br><br>By: /s/Brett H. Miller<br>    Brett H. Miller (BHM-4902)<br>A Member of the Firm<br>230 Park Avenue<br>New York, New York 10169<br>(212) 661-9100<br><br>and<br><br>**NEXSEN PRUET JACOBS & POLLARD, PLLC**<br>Co-Counsel for the Bissell Entities<br>201 South Tryon Street, Suite 1200<br>Charlotte, North Carolina 28202<br>Tel: (704) 339-0304<br>Richard W. Wilson, Esq. |