UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | Chapter 11 |
| TELIGENT, INC., et al.,[1] | Case No. 01-12974 (SMB) |
|  | Jointly Administered |
| Debtors. |  |

### OBJECTION OF MCI WORLDCOM NETWORK SERVICES, INC. AND ITS AFFILIATES TO THE MOTION OF THE DEBTORS AND THE DEBTORS IN POSSESION FOR THE ENTRY OF AN ORDER APPROVING (i) THEIR FIRST AMENDED DISCLOSURE STATEMENT RELATING TO THE FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE, (ii) THE FORM OF NOTICE, (iii) THE FORM OF BALLOT, AND (iv) THE SOLICITATION MATERIALS AND SOLICITATION PROCEDURES

MCI WorldCom Network Services, Inc. and its affiliates ("WorldCom"), by and through its undersigned counsel, hereby objects to the motion (the "Motion") of Teligent, Inc. and its affiliates (collectively, the "Debtors"), for the entry of an Order Approving (i) their First Amended Disclosure Statement Relating to the First Amended Joint Plan of Reorganization (the "Plan") Under Chapter 11 of the Bankruptcy Code (the "Disclosure Statement"), (ii) the Form of Notice, (iii) the Form of Ballot, and (iv) the Solicitation Materials and Solicitation Procedures, and in support states as follows:

1. On May 21, 2001, the Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code).

---

[1] The Debtors are the following entities: Teligent, Inc.; Teligent Services, Inc.; American Long Lines, Inc.; Association Communications, Inc.; Auctel, Inc.; BackLink, L.L.C.; Easton Telecom Services, Inc.; Executive Conference, Inc.; FirstMark Communications, Inc.; InfiNet Telecommunications, Inc.; JTel, L.L.C.; KatLink, L.L.C.; OMC Communications, Inc.; Quadrangle Investments, Inc.; Telecommunications Concepts, Inc.; Teligent Communications, L.L.C.; Teligent License Co. I, L.L.C.; Teligent License Co. II, L.L.C.; Teligent of Virginia, Inc.; Teligent Professional Services, Inc.; and Teligent Telecommunications, L.L.C.

2.  On February 20, 2002, WorldCom filed a Request for Allowance and Payment of Administrative Expense Claim (the "Administrative Expense Claim") pursuant to section 503(b) of the Bankruptcy Code seeking payment of approximately $11,652,192.94 for its post-petition provision of telecommunications services to the Debtors.

3.  This Court set July 2, 2002 as the date by which objections to confirmation of the Plan must be filed.

4.  Under the Plan, the Debtors contend that the "failure to object to confirmation of this Plan by a Holder of a General Administrative Claim … shall be deemed to be such Holder's consent and agreement to receive treatment for such Claim that is different from that set forth in 11 U.S.C. § 1129(a)(9)."

5.  Pursuant to 11 U.S.C. § 1129(a)(9) of the Bankruptcy Code, a plan of reorganization must provide for payment in full of an allowed administrative expense claim on the plan's effective date, unless the holder of the claim agrees to different treatment. The Plan provides that allowed administrative expense claims are to be paid pro rata to the extent the Debtors have sufficient funds at the time of disbursement of such funds.

6.  The Plan is also deficient because it imposes the burden on an administrative claimant to object to less than full payment of its claim, while the Bankruptcy Code requires affirmative consent to treatment other than full payment. Under the Plan, failure to object to its terms and conditions an agreement by the holder of an administrative expense claim to receive less than payment in full on the effective date of the Plan. This "opt out" procedure violates section 1129 of the Bankruptcy Code. Perhaps the Debtors should have dealt with the administrative creditors first, rather than ask this Court to nullify their statutory rights.

7.      As an administrative creditor, WorldCom does not agree to receive less favorable treatment than full payment of their administrative claim on the effective date of the Plan. WorldCom will therefor object to confirmation of the Plan on that basis.

8.      For the foregoing reasons, and any other reasons that may be presented at a hearing on confirmation of the Plan, the Court should deny confirmation of the Plan.


Dated:  New York, New York
        July 2, 2002

                                              PIPER RUDNICK LLP


                                      By:     /s/ Timothy W. Walsh
                                                 Timothy W. Walsh (TW-7409)
                                                 1251 Avenue of the Americas
                                                 New York, New York 10022
                                                 (212) 835-6000

                                            Counsel for WorldCom, Inc., et al.