SATURN MARKETING TECHNOLOGIES      Hearing Date: August 14, 2002
OF NEW YORK CITY, INC.     Time:        2:00 PM
147 East 48th Street
Third Floor
New York, NY 10017
(212) 230-9804
David H. Hartheimer, Esq. (DH-3585)
Ronald W. Adelman, Esq. (RA-8633)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------x

In re:                                  Chapter 11

                                       Case No. 01-12974 (SMB)

TELIGENT, INC.,

                                       Jointly Administered

                Debtors.
---------------------------------------------------x

**OBJECTION OF CREDITOR SATURN MARKETING TECHNOLOGIES
OF NEW YORK CITY, INC. TO THE SECOND AMENDED JOINT PLAN OF
<u>ORGANIZATION OF TELIGENT, INC.</u>**

**TO:    THE HONORABLE STUART M. BERNSTEIN,
          UNITED STATES BANKRUPTCY JUDGE:**

       Administrative Creditor, Saturn Marketing Technologies of New York City, Inc. ("Saturn") respectfully submits this objection with respect to the Second Amended Joint Plan of Reorganization dated July 10th 2002 (the "Plan") filed by Teligent, Inc. and its affiliates and subsidiaries that are parties to these jointly administered cases (the "Debtors" or "Teligent").

       The Plan fails to meet the requirements for confirmation set forth in 11 U.S.C. § 1129(a)(9)(A) insofar as it fails to pay administrative creditors in full at confirmation.

Saturn does not agree to such treatment. Accordingly, Saturn requests that the Court deny confirmation of the Plan.

## BACKGROUND

1. The Debtors filed numerous petitions for reorganization under Chapter 11 of the Bankruptcy Code on May 21, 2001 (the "Petition Date") and continued in the operation of their business pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2. Prior to the Petition Date the Debtors were in the business of providing communication services in the form of local and long distance telephone, high-speed data, and Internet access service, to 43 major domestic markets and internationally through joint ventures. See, Second Amended Disclosure Statement for Second Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated July 10, 2002 (the "Disclosure Statement") at page 4.

3. Saturn is a creditor holding both general administrative claims and general unsecured claims. See Declaration of Anthony Montagnino dated July 26, 2002 in support of Saturn's motion to extend the bar date for administrative claims (the "Montagnino Decl."). A copy of the Montagnino Decl. is attached hereto as Exhibit A.[1]

4. Saturn's general administrative claims fall into three primary categories. The first consists of the costs incurred as a result of Teligent's breach of its promise that its "E-magine" billing system would serve Saturn's needs and its inability to accurately invoice Saturn from the inception of service through termination. The second consists of the costs incurred by Teligent's breach of its promise that the microwave antenna it installed at 110 Leroy Street, but never actually used, would permit Saturn to avoid the

incurrence of "local loop" charges by Verizon which were passed on to the customer by Teligent. The third consists of the costs incurred by Teligent's untimely termination of service and subsequent improper block of the transfer by customers of their telephone numbers to the new carrier Saturn selected. Id., ¶ 10.

## ARGUMENT

### The Plan Fails To Provide Payment In Full To Administrative Creditors

5.      Section 11 U.S.C § 1129(a)(9)(A) of the Bankruptcy Code requires that a plan of reorganization provide the holder of an administrative claim a cash payment equal to the amount of such claim unless the holder agrees to a different treatment. In re One Times Square Associates Limited Partnership, 159 B.R. 695, 701 (Bankr. S.D.N.Y. 1993).

> Section 1129(a)(9)(A) provides… "The court shall confirm a plan… Except to the extent that the holder of a particular claim has agreed to different treatment of such claim, [if] the plan provides that--…with respect to a claim of the kind specified in sections in 507(a)(1) or 507(a)(2) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim".

Id. (citations omitted). However, the Plan provides that allowed administrative expense claims, such as the one held by Saturn, are to be paid *pro rata* to the extent possible out of funds available in the Claims Fund as such term is defined in the Plan. As the Debtors freely admit:

> Other than as set forth under the Plan with respect to Administrative Convenience Claims, there is no assurance that General Administrative Claims will be paid in full under the Plan.

---

[1] The Montagnino Decl. was filed with the Court on July 31, 2002 in connection with Saturn's motion to extend the administrative bar date. As of the date of this Objection, the Court has not ruled on Saturn's motion.

3

<u>See</u> Disclosure Statement at 13. The Debtors further state:

> The treatment afforded to Holders of General Administrative Claims under the Plan is only available if each such Holder agrees to such treatment. At the hearing to confirm the Plan, Debtors will ask the Court to hold that the failure to return the Administrative Claim Consent Form or to object to confirmation of the Plan by a Holder of a General Administrative Claim prior to August 7, 2002 shall be deemed to be such Holder's consent and agreement to receive treatment for such Claim that is different from that set forth in 11 U.S.C. § 1129 (a)(9), <u>which otherwise requires payment in full in cash</u>. If an administrative creditor objects to confirmation of the Plan asserting that it is entitled to payment in full under section 1129 (a)(9) of the Bankruptcy Code, the Debtors may not be able to confirm the Plan.

<u>Id</u>. (emphasis added).

6.  While the Debtors acknowledge the requirement contained in Section 1129(a)(9)(A) that administrative creditors must agree to different treatment if they are not to be paid in full at confirmation, their reference is somewhat misleading. The Debtors state that they "<u>may</u>" not be able to confirm a plan unless all administrative creditors consent to their treatment under the plan, when it is black letter law that "[i]n a Chapter 11 case, a court <u>cannot</u> confirm a distribution plan unless the plan provides full cash payment of all § 503(b) administrative expense claims or the claim holder agrees to different treatment. See 11 U.S.C. §§ 943(b)(5), 1129(a)(9)(A)." <u>In re Hechinger Inv. Co.</u>, 2002 WL 1729625, *2 (3d Cir. 2002) (emphasis added). <u>See also</u>, <u>In re Christopher</u>, 28 F.3d 512, 516 (5th Cir. 1994) ("[a]dditionally, the plan of reorganization cannot be confirmed under § 1129(a)(9)(A) unless the plan provides for the payment in cash and in full of persons holding 'claims' for administrative expenses under §§ 503 and 507.").

7.  Saturn does <u>not</u> agree to its treatment under the Plan.

4

8.   As Saturn is an administrative creditor that is not being paid in full at confirmation and does not agreed to its treatment under the Plan, the Plan cannot be confirmed as it does not comply with 11 U.S.C. § 1129(a)(9)(A).

9.   Saturn respectfully requests that the Court excuse the requirement for a memorandum of law with respect to this Objection because it raises no novel legal principles, but rather applies settled principles of law to the circumstances at hand.

## CONCLUSION

This Plan cannot be confirmed for it fails to pay administrative creditors in full at confirmation and each creditor has not agreed to different treatment.

**WHEREFORE**, Saturn requests that the confirmation of the Second Amended Joint Plan of Reorganization of Teligent be denied.

Dated: New York, New York
August 7, 2002

Respectfully submitted,

SATURN MARKETING TECHNOLOGIES
 OF NEW YORK CITY, INC.

By: /s/_____
 David H. Hartheimer, Esq. (DH-3585)
Ronald W. Adelman, Esq. (RA-8633)

147 East 48th Street
Third Floor
New York, NY 10017
(212) 230-9804

5

Exhibit to be provided upon request

6